# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA FOSTER, | ) | CASE NO. 1:26-CV-0428 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY JOB AND | ) | |
| FAMILY SERVICES DEPARTMENT/ | ) | |
| PROTECTIVE SERVICES, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

## Background

*Pro se* Plaintiff Sheila Foster has filed a civil complaint in this case against the Cuyahoga County Job and Family Services Department/Protective Services (CCJFS) and the Cuyahoga County Sheriff's Department. (R. 1).

Plaintiff alleges a Cuyahoga County Deputy (Morris Flagg) refused her request for a chair while she was visiting CCJFS's offices in Cleveland on December 9, 2025. She states she informed Deputy Flagg she needed a chair "due to her disability," but he refused to provide her with one. She states that after she requested to see a supervisor, another officer (Sargeant Williams) provided her a chair, so she sat down and "proceeded to fill out her forms." (*Id.*, PageID 1). She alleges that a verbal confrontation subsequently occurred between her and the Deputy, which she alleges caused her anxiety and mental stress.

She further claims after this incident, in January 2026, "she was detained in the city of Lakewood, Ohio; her car was towed and impounded;" an "arrest warrant was issued for her for requesting a chair;" and "she was surprisingly charged with menacing." (*Id*. at 2).

1

Based on these allegations, she seeks compensation ($100,000) for violation of Title II of the Americans with Disabilities Act (ADA) and for retaliation in violation of the First Amendment.

Plaintiff did not pay the filing fee in the case, but instead, filed a motion to proceed *in forma pauperis,* representing that the only monthly income she receives is $860 in social security disability benefits which is the exact amount of her monthly expenses. (R. 2). That motion is granted, but for the following reasons, the Complaint, (R. 1), is dismissed.

**Standard of Review and Discussion**

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss—before service—any such complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals of *pro se* complaints for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See*, *e.g.*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure

allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Further, to meet the basic federal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must set forth a short, plain, and concise statement of the plaintiff's claims sufficient to give the defendant fair notice of what her legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Upon review, the Court finds that Plaintiff's Complaint warrants dismissal pursuant to §1915(e)(2)(B). Even under the liberal standard accorded *pro se* pleadings, Plaintiff's Complaint fails to set forth allegations sufficient to state a plausible federal claim for relief under either the ADA or the First Amendment.

### The Americans with Disabilities Act of 1990 ("ADA")

Title II of the ADA provides, in pertinent part, that no qualified individual with a disability shall, because of that disability, "be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Mingus v. Butler,* 591 F.3d 474, 481-82 (6th Cir. 2010) (citing 42 U.S.C. § 12132). A "public entity" means, *inter alia*, "any State or local government" or a department or agency thereof. 42 U.S.C. § 12131(1)(A), (B). To state a claim for relief under Title II of the ADA, a plaintiff must demonstrate that: (1) she is a qualified individual with a disability under the ADA; (2) the defendant is subject to the ADA; and (3) she was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against, solely by reason of her disability. *See Tucker v. Tennessee,* 539 F.3d 526, 532-33 (6th Cir. 2008); *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005); *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003).

Plaintiff's Complaint fails to set forth allegations sufficient to demonstrate these elements.  The ADA provides that an individual has a disability if, *inter alia*, she suffers from "a physical or mental impairment that substantially limits one or more of [their] major life activities."  42 U.S.C. § 12102(2)(A). This requires the plaintiff to make a three-part showing: (1) that she has a physical or mental impairment; (2) that this impairment implicates at least one major life activity; and (3) that the limitation is substantial. *See* 42 U.S.C. § 12102(1)(A); *Lineberger v. University of North Carolina System*, No. 3:23-cv-00284, 2024 WL 4472361, at *3 (W.D.N.C. Sept. 9, 2024).

Examining the allegations under this standard, Plaintiff does not specify what disability she has, or whether—or how—such a disability impacts any of her major life activities. Plaintiff merely alleges, in purely conclusory fashion, that she has a "disability." (R. 1 at 1). This allegation is insufficient to support a plausible ADA claim. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555 (conclusory allegations of unlawful conduct without specific factual allegations fail to state a claim).

Further, Plaintiff fails to allege facts supporting a plausible inference that she was excluded from participation in or denied the benefits of a program or service by Defendants on the basis of a disability. Rather, the Complaint indicates Plaintiff was able "to fill out her forms" at CCJFS.

### First Amendment Retaliation

Plaintiff's Complaint fails to present sufficient allegations to demonstrate a plausible claim of retaliation in violation of the First Amendment. A First Amendment retaliation claim consists of three elements. A plaintiff must demonstrate that: (1) she engaged in protected conduct; (2) an adverse action was taken against her that would deter a person of ordinary

firmness from continuing to engage in that conduct; and (3) there is a causal connection, meaning the adverse action taken against her was motivated, at least in part, by her protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Plaintiff's allegations are insufficient to demonstrate these elements. It appears Plaintiff contends her car was towed and impounded and an arrest warrant was issued against her for menacing as the result of her "requesting a chair" during her December 9th visit to CCJFS. (R. 1, PageID 2). But even assuming, without deciding, that her conduct in requesting a chair constitutes protected First Amendment activity, the Complaint does not set forth allegations plausibly demonstrating the second and third elements of a claim. First, Plaintiff's allegations do not support a plausible inference that *Defendants* took any adverse actions against her, or that Defendants' conduct deterred or chilled her in any way from engaging in the protected First Amendment activity. Second, her Complaint does not allege facts supporting a plausible inference that the retaliatory conduct she alleges was taken against her was motivated by her conduct "in requesting a chair" at CCJFS rather than other reasons.

To demonstrate causation for purposes of First Amendment retaliation claim, a plaintiff "must point to specific, nonconclusory allegations reasonably linking" the plaintiff's protected activity to the adverse action. *See Stevens v. Thetford Township*, 475 F. App'x 556, 560 (6th Cir. 2012) (quoting *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010) (quotation marks omitted)). Plaintiff's Complaint fails to do so. Plaintiff's contention that she was unlawfully retaliated against simply for "requesting a chair" is purely speculative, and she does not point to specific, nonconclusory allegations reasonably linking her request for a chair at CCJFS, on December 9, 2025, to the adverse actions she contends were taken against her in Lakewood, Ohio in January 2026.

**Conclusion**

Plaintiff's Complaint fails to state a plausible federal claim upon which relief may be granted under either the ADA or the First Amendment. Therefore, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

SO ORDERED.


Date:   July 20, 2026

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge